IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| IN RE | * | |
| | * | |
| PATRICIA CAPLAN | * | Case No. 17-21219-TJC |
| | * | Chapter 13 |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-10'S OPPOSITON TO DEBTOR'S MOTION TO RECONSIDER ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

Now comes U.S. Bank National Association, as trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-10 ("US Bank"), by its attorneys, Mark D. Meyer and Rosenberg & Associates, LLC, and hereby opposes the Debtors' Motion to Reconsider the Order Granting Relief from Automatic Stay, and in support states as follows:

1.     On August 21, 2017, the Debtor filed her petition in this matter pursuant to Chapter 13 of the Bankruptcy Code in order to stop a foreclosure sale set for August 23, 2017.

2.     The Debtor's previous bankruptcy case, case no. 17-17696, was filed on June 5, 2017 in order to stop a foreclosure sale set for June 7, 2017.  The case was dismissed on July 7, 2017 for failure to complete required filings.

3.     The instant case appears to have been filed only to stop the August foreclosure sale as the proposed plan did not in good faith seek to cure the pre-petition arrears owed to US Bank.  The proposed chapter 13 plan proposed to pay $105.00 per

1

month for 59 months with one final payment of $156,000.00 and further proposed 18 months to obtain a loan modification. *Dkt. no.* 22, 32. US Bank's proof of claim was filed September 27, 2017 and asserted a secured claim in the amount of $768,601.01, with pre-petition arrears of $141,756.11, with the loan being past due for the October 1, 2014 payment. *Claim no.* 2.

4. On November 13, 2017, US Bank filed a Motion for Relief from the Automatic Stay ("Motion for Relief") alleging the Debtor was delinquent on all post-petition payments since the filing of the case, September 1, 2017 – October 1, 2017. *Dkt. no.* 26.

5. On November 27, 2017 the Debtor filed an Opposition to US Bank's Motion for Relief, which was withdrawn by the Debtor on December 7, 2017. *Dkt. no.* 30, 31.

6. On December 27, 2017, the Court entered an Order Granting Relief from Automatic Stay allowing US Bank after the 14-day stay to proceed with foreclosure of the Debtor's real property located at 25 Ethelwood Court, Olney, Maryland 20832. *Dkt. no. 33.*

7. On January 16, 2018, relying on the above order, US Bank, through its appointed substitute trustees, resumed the foreclosure process and has scheduled a foreclosure sale for March 7, 2018. US Bank has incurred fees and costs in preparation for the March 7th sale, including, but not limited to attorney's fees, title costs, publication costs, auctioneer fees and postage.

8. On February 28, 2018, over sixty (60) days after the Order Granting Relief was entered, the Debtor filed a Motion to Reconsider the Order Granting Relief from Stay and to vacate the dismissal of her case on the basis of ineffective assistance of counsel and that she has obtained new employment.

9. While the Debtor's motion does not specify the rule she seeks relief pursuant to, Bankruptcy Rule 9024 or Federal Civil Rule 60 would appear to be applicable as the motion is not timely filed pursuant to Rule 9023/ Federal Civil Rule 59.

10. In *Coleman v. Chase Bank,* the United States District Court for the Eastern District of Virginia set forth the standard in the Fourth Circuit for a motion to reconsider pursuant to Rule 60:

> Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b) movants first "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo,* 731 F.2d 204, 206-07 (4th Cir. 1984). Next, a Petitioner must satisfy one of Rule 60(b)'s six grounds for relief from judgment. *Id.* at 207. These six grounds for relief include: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).
>
> Under Rule 60(b)(1) the court is authorized to grant relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Relief, however, is inappropriate simply because a litigant is unhappy with the judgment; there must be some showing of why the litigant failed to avoid mistake, inadvertence, surprise, or excusable neglect." *Multi-Channel TV Cable Co. v. Charlottesville Qual. Cable Operating Co.*, No. 94-2569, 1995 U.S. App. LEXIS 16798, at *10 (June 7, 1995) (citing 11 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 2858, at 170 (West 1973)). "A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect

pursuant to Rule 60(b)(1)." *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (citations omitted).

      Under Rule 60(b)(4), a district court may relieve a party from a final judgment or order that is void. *See* Fed. R. Civ. P. 60(b)(4). "A judgment is not void merely because it is or may be erroneous." *Baumlin & Ernst, Ltd. v. Gemini, Ltd.,* 637 F.2d 238, 242 (4th Cir. 1980). Instead, a judgment may be vacated as void under Rule 60(b)(4) only if the rendering court lacked personal jurisdiction, subject matter jurisdiction, or acted in a manner inconsistent with due process of law. *See Wendt v. Leonard,* 431 F.3d 410, 412 (4th Cir. 2005); *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999)."

2014 U.S. Dist. LEXIS 115994, Civil Action No. 3:14-CV-101 (E.D. Va., August 19, 2014).

11.    "Relief under Rule 60(b) (6) requires a showing of "extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). "A motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" *Cohens v. State Dep't of Human Res.*, 2014 U.S. Dist. LEXIS 119766 (D. Md. Aug. 26, 2014)(citing *Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT 08cv501, 2011 U.S. Dist. LEXIS 107584, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (internal citations and quotations omitted)).

12.    The Debtor's motion fails to state a valid basis pursuant to Rule 60 to vacate the Order Granting Relief.

13.    The Debtor's motion does not set forth a basis pursuant to Rule 60 to vacate the Order Granting Relief because the motion does not allege (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any extraordinary circumstances that justify relief.

14. The basis of the Debtor's motion is that the Debtor's prior counsel should have negotiated a consent order to the Motion for Relief allowing time to apply for a loan modification and that the Debtor has obtained new employment and may now qualify for a loan modification.

15. The Debtor's motion fails to make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.

16. The motion is not timely as it has been over sixty (60) days since the Order Granting Relief was entered. Additionally, the offer of new employment is dated February 1, 2018, yet the Motion to Vacate was not filed for another four (4) weeks.

17. The motion fails to set forth a meritorious defense to the Motion for Relief. The Debtor has made no showing that US Bank is adequately protected. The Debtor admits in her motion that there is no equity in the property. The Debtor's schedule A values the property at $725,000. As of January 22, 2018, the payoff to US Bank was $790,409.00. The Debtor fails to set forth any other basis demonstrating US Bank is adequately protected or should the stay is re-imposed. The possibility of a loan modification does not provide adequate protection. Finally, the Debtor did not make a single post-petition payment since the filing of the instant case. Were the stay still in

effect or should the stay be re-imposed, US Bank would be due seven (7) payments at $4416.70 each for a total of $30,916.90. Relief from the automatic stay was warranted and remains warranted.

      18.    The Debtor's requested relief is prejudicial to US Bank. US Bank has incurred attorney's fees and costs in proceeding with the foreclosure action and scheduling a sale for March 7, 2018. Additionally, the requested relief appears to be an end run around 11 USC § 362(c)(4) and the dismissal with prejudice, as the Debtor is not eligible to file a new bankruptcy case or have the stay imposed due to two (2) prior dismissals. Finally, the Debtor is seeking the relief as a way to stay a sale which is in within the jurisdiction of a state court and to which the Debtor has state court remedies to seek a stay of the sale, but has not timely pursued those remedies.

      19.    Finally, the Debtor has failed to show exceptional circumstances. Debtor's prior counsel did file an opposition to the Motion for Relief, but did not have grounds to oppose the motion nor were there grounds to get time to pursue a modification, as the Debtor was not employed. Additionally, a recent change in employment which will allow the Debtor to seek modification does not constitute exceptional circumstances does not constitute exceptional circumstances.

      20.    As a result, based on the above, the Debtor has not shown any basis for the Order Granting Relief to be vacated or the automatic stay to be reinstated.

      WHEREFORE, US Bank prays that the Court deny the Debtor's Motion to Reconsider the Order Granting Relief and for any other relief the Court deems necessary.

Respectfully Submitted,

ROSENBERG & ASSOCIATES, LLC

/s/__Mark D. Meyer_____
Mark D. Meyer, #15070
4340 East West Highway, Suite 600
Bethesda, MD 20814
(301) 907-8000

Certificate of Service

I hereby certify that on this _5th_ day of __March_____, 2018, a copy of the foregoing Response was mailed by first class, postage pre-paid mail to those parties listed below who were not served electronically:

Nancy Spencer Grigsby, Trustee

Sari Karson Kurland, Debtors' Counsel

/s/ Mark D. Meyer_____
Mark D. Meyer