Copy

# Loan Modification Imaging Coversheet

## Initial Receipt

## Doc Status

| | Check One |
|---|---|
| Original | X |
| Copy - Non Original Document | |
| E-Signed Printed | |

| Document Exceptions | Check One |
|---|---|
| Missing Signature | |
| Non Original Signature | |
| Missing Notary | |
| Non Original Notary | |
| Missing Pages | |
| No Exception | X |

Additional Notes:

Copy

[Space Above This Line For Recording Data]

Loan #: ▮▮▮▮▮▮▮

# LOAN MODIFICATION AGREEMENT
(Providing for Interest Only Payments and Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this October 15, 2013, between PATRICIA CAPLAN ("Borrower") and Nationstar Mortgage LLC ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated 6/14/2007 and recorded in Book or Liber _____, at page(s) _____, of the _____ Records of _____
(Name of Records)                                                                 (County and State, or other Jurisdiction)

and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

25 ETHELWOOD CT, OLNEY, MD 20832
(Property Address)

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of December 1, 2013, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $657,544.87, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate 3.429%, from November 1, 2013 until November 01, 2015. Borrower promises to make monthly payments of interest of U.S. $1,878.93, beginning on 12/1/2013, and continuing thereafter on the same day of each succeeding month until December 1, 2015 (the "Interest Only Period"). After expiration of the modification period, the interest rate Borrower will pay will be determined in accordance with the terms of the original Note. If on 7/1/2037 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. <u>Failure to Timely Remit Payments:</u> If at any time during the effective dates of this Modification Agreement the Borrower fails to timely make payments as specified hereinabove and such default or failure continues for more than thirty (31) days, then this Modification Agreement, at the option of Lender, shall terminate and all terms of the Note as originally executed shall be reinstated in full, effective as of the date of this Modification Agreement, and the amounts due and payable under the terms of the Note shall be as originally stated therein, as if this Modification Agreement had never existed. Time is of the essence with regard to all payments specified hereunder. Nothing contained herein shall prevent or preclude Lender from enforcing any of Lender's rights or remedies under the Note, or under any document or instrument evidencing or securing the indebtedness created by or under the Note, or shall be construed as a waiver of any of Lender's rights or remedies thereby created.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

Loan #: ▮

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

6. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise there under or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c) Borrower has no right of set-off or counterclaim, or any defense to the obligations of the Note or Security Instrument.

    (d) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (e) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

    (g) That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement.

_____ (Seal)  
Nationstar Mortgage LLC-Lender

_____ (Seal)  
PATRICIA CAPLAN-Borrower

By: _Reanelle Navea_ 11/4/13  
Assistant Secretary

_____ (Seal)  
-Borrower

STATE OF _Maryland_ )  
COUNTY OF _Montgomery_ )SS.  

On the 29 day of October 2013, _Patricia Caplan_ personally appeared before me, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal

_____  
Notary Public

My appointment expires: 01-13-2017

AGREEMENT TO ESTABLISH ESCROW ACCOUNT (page 5 of 5)

Copy

_____ [Space Below This Line For Acknowledgments] _____

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, PATRICIA CAPLAN, ("Borrower") desires Nationstar Mortgage LLC ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated 6/14/2007, (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law. In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender. Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Establish Escrow Account.

_____  _____
Borrower *[signature: Patricia Caplan]*   Date  10/29/13

_____  _____
Borrower   Date

AGREEMENT TO ESTABLISH ESCROW ACCOUNT                                             (page 5 of 5)

Copy



## LETTER ACKNOWLEDGEMENT

October 15, 2013

PATRICIA CAPLAN
25 ETHELWOOD CT
OLNEY, MD 20832

RE: Loan Number: ███████

Dear PATRICIA CAPLAN:

Attached for execution is the Modification Agreement for your loan serviced by Nationstar Mortgage LLC. The Modification Agreement sets forth the future terms of repayment for your loan, and may include capitalization of certain outstanding past due amounts. **The specific terms are identified in the Modification Agreement, and may include a period of time for which your payment will consist only of interest payments (resulting in no principal reduction) and/or change in the amortization term of your loan** (such a change may result in you owing a lump sum payment upon maturity of your loan).

By executing this Letter Acknowledgement and the Modification Agreement, you are agreeing to make a qualifying payment of **$5,209.44** ("Qualifying Payment") for your Modification Agreement to become effective. This Qualifying Payment will be applied first to any outstanding fees and charges that are not capitalized under the terms of the Modification Agreement, next to any unpaid non-capitalized interest and finally to unpaid principal. Additional sums may become due as a result of the timing of this letter and the Agreement. Nothing in this letter or in the Agreement precludes Nationstar Mortgage's collection of additional advances paid by Nationstar Mortgage.

You are acknowledging a financial hardship and you have sufficient income to make future modified loan payments, as identified in the modification agreement.

Should you have any questions regarding the terms of this Letter Acknowledgement or the Modification Agreement, please do not hesitate to contact us at 888-850-9398 x8067126.

Sincerely,

Nationstar Mortgage LLC

Acknowledge and agreed to by:

_____*Patricia Caplan*_____        _____
PATRICIA CAPLAN

*This is an attempt to collect a debt, and any information obtained will be used for that purpose.*

www.NationstarMtg.com



Ack. Ltr – Escrow

Page 2 of 5